## Case No. 15,996.
### UNITED STATES v. PARKS.

[See Case No. 10,764.]

---

## Case No. 15,997.
### UNITED STATES v. PARMELE.
[1 Paine, 252.] 1

Circuit Court, D. Connecticut. April Term, 1810.

PRINCIPAL AND AGENT — CONTRACT IN AGENT'S NAME.

No action will lie in the name of a principal, on a written contract made by his agent in his own name, although the defendant may have known the agent's character; and a demurrer, in such a case, to the declaration, where the United States were the plaintiffs, was sustained.

[Cited in Chandler v. Coe, 54 N. H. 567. Distinguished in Gilpin v. Howell, 5 Pa. St. 50; Huntington v. Knox, 7 Cush. 375. Cited in City of Providence v. Miller, 11 R. I. 278; Sisson v. Cleveland & T. R. Co., 14 Mich. 496.]

[Error to the district court of the United States for the district of Connecticut.]

LIVINGSTON, Circuit Justice. This cause coming up on a demurrer to the declaration, if that be insufficient there must be judgment for the defendant below. This action is brought on a written contract of the defendant [John Parmele] by which he acknowledged to have received from one Stephen Rainy one hundred barrels of flour,

1 [Reported by Elijah Paine, Jr., Esq.]

and agreed to be holden therefor to Alexander Wolcott, Esquire, or order, when called for, he paying ten cents per barrel storage. The objections to the declaration are, that no demand is stated to have been made of the defendant, nor any tender of the storage; and that no action will lie on this agreement in the name of the United States. The last objection is the only one which will be examined, for if that be well taken, the plaintiffs cannot recover in this suit. To obviate the force of this objection, which seemed to be felt, it has been said, that the action is not founded on the written contract, but on the right which vested in the United States by the seizure and condemnation of this property; and that the agreement was only made use of as evidence. Whether such an action could have been brought. this court is not bound to say; but the present suit is not of that description. It proceeds entirely on the defendant's contract, and the court, if it cannot discover his liability there. has no right to look for it elsewhere. It is also contended. that an interest in the United States is sufficient for the purpose of maintaining this suit. Such an interest, it is true, is disclosed in the declaration, so far as a seizure and confiscation could give it; but a science of these matters not being imputed to the defendant, it is not easy to perceive how he could suppose the public had any interest in the flour committed to his keeping. But if he knew every thing, it will not, in the judgment of this court, make any difference.

The United States, in a case of this kind, have no privilege or rights beyond those of an individual. If they sue on a contract, they are as much held to prove it as a private citizen, and any variance will be as fatal in the one case as the other. If this flour had been private property, but not that of Rainy or Wolcott, and it had been known to be so to the defendant, yet on this contract no suit could have been maintained, but in the name of the parties to it. None of the cases cited show that the cestuy que trust can bring an action at law, on an agreement made with his trustee. There is a fitness in confining the remedy to the party to whom the promise is made; in which case the judgment can always be pleaded in bar to another action. If the United States recover in this action, who can say that Parmele may not be vexed by another suit in the name of Rainy or Wolcott? The court, although it has an opinion, is not called upon to say who would have been the proper plaintiff in this case; but as no promise was made to the United States, it is sufficient to say, that they have altogether failed in making out their cause of action. The court cannot say, that an engagement to deliver this property to Rainy or Wolcott was one to deliver it to the United States, or to their marshal of this district. Where there is no

difficulty in suing in the name of the party to the contract. there can be no necessity of supporting the suit of a stranger to it; and without a precedent in point. the court would feel great reluctance in making one.

This case has also been likened to those of principal and factor; and it has been said, and correctly, that the former can sue on a sale made by the latter, although he be not at the time known to the purchaser. Courts of law, out of their great solicitude to protect the interest of a principal, have gone great lengths in identifying him with his agent or factor, and as a necessary consequence, have permitted a suit in his own name, although he be not, except by implication of law, a party to it. But the court does not know that such suit was ever sustained on the contract itself, where one in writing took place between the factor and vendor, in which the name of the principal did not appear. What use might be made of such a paper. as matter of evidence, is one thing; but that a suit can be brought upon it in the name of any but a party to it, has not been shown; nor is it believed that such is the law. Without then disturbing any of the cases of this class which have been referred to, this court cannot, when sitting as a court of law, say, that an express and written promise to do a thing to Rainy or Wolcott, is a contract to do the same thing to the United States. It looks in vain to the writing itself for such an engagement; and that is the only source from which it has any right to make its deductions. It is on that which the plaintiffs have relied, and if they do not succeed in showing an assumpsit there, they fail in their action altogether.

Upon the whole, as the United States have sued on a written contract. to which they are not parties. and in which they are not even named. but which appears to have been made with other persons, it is the opinion of this court, that the judgment of the district court was erroneous [case unreported], and must be reversed.