The opinion of the court was delivered by
Gibson, J.
I cannot acquiesce in the law as laid down in some of the cases which have been cited. In general, it is true, that there is a distinction between contracts that are entered into on the part of government^ by its agents, and those which are entered into on the part of individuals or corporations, by those who represent them. In respect of the first it may safely be asserted, that whether the contract be by parol or by deed, the public faith is exclusively relied on, whenever the agent does not specially render himself liable. In respect of the second, where the contract is by parol, the agent is liable only where he had no authority to bind his principal; but the agent of an individual or corporation, covenanting under his seal, for the act of his principal, although he describe himself as contracting for and on behalf of his principal, is liable on his express covenant, whether he had the authority of the person whom he thus professes to bind or not. The law is thus broadly laid down by Mr. Chitty, in his treatise on pleading, page 24, and the authorities which he cites fully bear him out; to which may be added Tippets v. Walker, 4 Mass. Rep. 595. It is somewhat remarkable, that the distinction between a parol and a sealed contract was not taken, in Randal v. Vanvetchen, 19 Johns. 60, and that the authorities cited, to prove that an agent, who personally covenants in behalf of his principal, is liable only in the event of there being no recourse to the principal, directly prove the reverse. There is a class of cases referred to, which have nothing to do with the question. I mean those caces where the defendant undertakes to covenant for others, as well as himself; and there it is settled, that if he has no authority to bind the others,.he is nevertheless bound himself: not that he incurs an eventual liability, in consequence of the others being discharged, but he remains bound as he was originally, the instrument being his several deed. It is unnecessary, therefore, to inquire, whether the plaintiff might have an action of assumpsit against the principal, in consequence of the existence of a parol authority to the agent, to enter into the contract, because, whether he may or not, the agent is liable on his express covenant. But there is a striking and substantial difference, between the covenant of an agent, who describes himself as contracting for his principal, and the covenant of a principal, through the means, and by the instrumentality of an agent. The first is the individual covenant of the *129 agent, the second is, the individual covenant of the principal; and in this respect the case at bar differs from Randal v. Vanvetchen, in which the distinction seems not to have been adverted to. No decision can be found in support of the position, that what appears on the face of the deed to be the proper covenant of the principal, but entered into through the agency of an attorney, (which by the bye is the legitimate form of the instrument, where the attorney is not to be bound,) shall be taken to be the proper covenant of the attorney, wherever he had not authority to execute the deed. How could he be declared against? If in the usual and proper manner of pleading it were alleged, that the agent had covenanted, it would appear by the production of the instrument that he had not, but that his principal had covenanted through his means; which, on non est factum being pleaded, would be fatal. This is precisely the case before us, except that it is not quite so strong. In the body of the instrument, the covenants are stated as if they were made by the corporation, directly with the plaintiff, without the agency of any one, the defendant not being named, but merely signing and sealing it with his own seal, as the deed of the corporation, which, I readily admit, it is not. Now to. avoid the difficulty which I have just mentioned, the plaintiff in declaring, does not, in the usual way, set forth the substance of the covenants, but alleges that, by certain articles of agreement between the parties, it was covenanted “as follows;” and then sets out the articles according to their tenor, assigning for breach, that the defendant had not paid &c. A demurrer would unquestionably have answered the puipose as well as the plea of non est factum, for the declaration sets forth no covenant of the defendant, and consequently no cause of action. But the paper is not the defendant’s deed. He sealed and delivered it undoubtedly; but there is something more than sealing and delivery necessary to a deed. It ought to contain the proper parts of a contract; and in this instrument there are no obligatory words, applicable to the person of thedefendant. Even the sealing anddelivery were as the president, and in behalf of the corporation. If the defendant had authority to contract for the corporation, although he has done so informally, there cannot be a doubt, that as the work has been done, the plaintiff may have an action of some sort against it. But he never treated on the basis of the defendant being personally answerable; and to permithim to maintain this action, would permit him to have what was not in the contemplation of either party, recourse to the person of the agent. I am, therefore, of opinion, that the judge who tried the cause, was right in directing the jury, that the paper given in evidence, was not the deed of the defendant. In regard of the other error assigned, little need be said. Under the act of assembly, a defendant may change his defence, after the jury has been impanelled, as a matter, not of indulgence, but of right, and in this also there is no error.
Judgment affirmed.