## HALL *vs.* COCKRELL.

[ACTION AGAINST AGENTS FOR BREACH OF COVENANT.]

1. *Agent of municipal corporation not public agent.*—Where the charter of an incorporated town provides, that its corporate name shall be "the town of E.", and that all its corporate powers shall be vested in, and exercised by and through, an intendant and certain councillors, who shall constitute a board to be called "the intendant and council of the town of E."; the persons composing the board are but the directors and agents of the corporation, and in making contracts under color of their authority as such agents, they are not to be considered as public, or government agents, contracting in behalf of the public.

2. *When covenant of agent does not bind principal.*—By a contract under seal, between plaintiff of the first part, and "the intendant and council of the town of E.", who were the executive board of the corporation styled "the town of E.", of the second part, plaintiff covenanted to perform certain services in repairing the streets of said town, "in consideration of which said services, the parties of the second part" agreed to pay him a stipulated sum of money ; and "the said parties" signed their individual names, and affixed their seals to the contract : *Held*, that the instrument was not the deed of the corporation.

3. *When agent is liable individually on his covenant.*—Where an agent signs and affixes his name and seal to a covenant, which, although he describes himself as agent, contains apt words to charge him personally, and which is not binding as the deed of his principal, he is personally responsible on it, and the superadded words are a mere *descriptio personæ*.

APPEAL from the Circuit Court of Greene.

The record does not show the name of the presiding judge.

This action was brought by Joseph W. Hall against Samuel W. Cockrell, and the complaint was as follows :

"The plaintiff claims of the defendant $350, for the breach of an agreement entered into by him on the 7th March, 1854, as follows: 'The following agreement was made and entered into this 7th day of March, A. D. 1854, by and between Joseph W. Hall, of the first part, and the intendant and council of the town of Eutaw, of the second part; that is to say : The party of the first part, for the consideration hereinafter to be named, engages and contracts to work the streets of said town, from the day of the date hereof, until the first day of January, 1855, and to keep said streets in good order and repair; also, to do and perform all necessary work to and upon the side-walks of said town; also, to put in all necessary boxing, and to dig such ditches as may be necessary and useful to carry off and drain the water from said town. And the said party further stipulates and engages to become liable for and to pay all costs and damages that said town may be subjected to, either by indictment by the grand jury or otherwise; provided the same arise from said streets, alleys and side-walks being in bad order and repair, from the 7th March, 1854, until the said 1st January, 1855. And the said party of the first part further agrees that, besides his general superintendence of said streets, side-walks and alleys, he is also to do and perform such work upon said streets and side-walks, as the intendant or any member of the council may direct and require; and, upon his failure so to do, that he forfeits the sum of $10, to be deducted from the consideration hereinafter mentioned, for each and every such failure. In consideration of which said services, the parties of the second part agree to pay the said Hall the sum of $300, on the first day of January, 1855, and further to allow the said party of the first part a sum, not exceeding $50, for the purchase of such lumber, plank, &c., as may be necessary for the use of said town for the purposes aforesaid; and should the said sum be inadequate for this purpose, the said Hall is to make up the deficiency out of his own funds, or allow the said parties of the second part a deduction from the said sum of $300 to the amount of such excess. The said party of the first part is to be allowed the

use of all the street tools and implements belonging to said town, which he is to return to the authorities of said town on the first day of January, 1855. The street horse and cart are hereby reserved by the parties of the second part, to be disposed of as they may deem expedient and proper. In witness whereof, the said parties have hereunto set their hands, and affixed their seals, this 7th day of March, 1854.'

(signed)       J. W. Hall, [seal.]

James W. Brook, Int. [seal.]

R. Leachman, [seal.]

W. H. Fowler, [seal.]

S. W. Cockrell, [seal.]

"Yet, although the plaintiff has complied with all the provisions of this agreement on his part, the defendant has failed to comply with the following provisions thereof : the plaintiff has not been paid the said $300, nor any part thereof, which the defendant agreed to pay him as aforesaid; nor has he been allowed any portion of said sum of money, not to exceed $50, which the defendant agreed to allow him for the purchase of lumber and plank, although he has expended for that purpose divers sums of money out of his own means to the amount of $50."

The defendant demurred to the complaint, on the ground "that the contract therein set forth shows upon its face that it is not personally binding on this defendant, but is the contract of the intendant and council of the town of Eutaw." The court sustained the demurrer, and its ruling is now assigned as error.

JOSEPH W. TAYLOR, for the appellant :

Under the charter of the town of Eutaw, the intendant and council were not a corporation: they were mere statutory agents, or trustees, authorized to execute the powers of the corporation. The town of Eutaw has not contracted, under the instrument declared on, either by its corporate name, or under its seal. The contract never was binding on the corporation. The parties of the second part had no general right to make it.—1 Stew. 299; 5 Porter, 279; 4 Ala. 561; 2 Cranch, 168; 15 Johns. 358. They had no special grant of right, express or implied, to make it; but, on the contrary,

.such right is effectually denied and excluded, 1st, by the fact that the charter prescribes the mode in which the intendant and council were to provide for the working of the streets, and, since that mode was not observed, the corporation is not bound; 2d, by the necessary operation of the 18th section of the charter, with the proviso thereto. These facts bring the case within the well-established rule, that the contract of an agent, when it does not bind his principal, binds him individually.—Taft v. Brewster, 9 Johns. 334; Harwood v. Humes, 9 Ala. 659; Gillespie v. Wesson, 7 Porter, 454; Lazarus v. Shearer, 2 Ala. 718; Skinner v. Gunn, 9 Porter, 305. In such case, even a subsequent ratification by the principal will not defeat the individual responsibility of the agent.—Lazarus v. Shearer, *supra.* The demurrer ought, therefore, to have been overruled.

E. MORGAN, *contra:*—1. The obligation sued on must be either the personal contract of the parties of the second part, or the official contract of the intendant and council of the town of Eutaw. It cannot be their personal contract, because, as between them personally and the plaintiff, there is no mutuality of obligation.—13 Ala. 836. It must be the official contract of the intendant and council, for the further reason, that the plaintiff contracted expressly with them as such, and is thereby estopped from denying that he contracted with them, and they with him, in that capacity.— 5 Ala. 808.

. 2. By the act of incorporation, all the corporate powers of the town are conferred on the intendant and council, and are to be exercised by and through them; and therefore every act of theirs, within the scope of the powers conferred on the town, is the act of the town, and binds the corporation.— Angell & Ames on Corporations, pp. 203, 258–9.

3. The charter authorizes and requires the intendant and council to cause the streets and roads to be kept in good order, and provides the means of performing that duty; but the manner in which this duty is to be performed, and this authority exercised, is not prescribed by the act of incorporation, and is left to the discretion of the board. The board has contracted so as to bind the corporation, and therefore

the corporation alone is bound.—Randall v. Van Vechten, 19 Johns. 64; 2 Ala. 725; 9 *ib.* 661; A. & Ames on Corporations, pp. 104–5, 272–5.

RICE, C. J.—By the act of 2d January, 1841, entitled " an act to incorporate the town of Eutaw in Greene county," it is declared, among other things, that certain parcels of land therein described shall constitute the corporate limits of the town of Eutaw; that the free white inhabitants, dwelling within the said corporate limits, and their successors forever, shall be a body politic and corporate, by the name of " the town of Eutaw", and by that name may have and use a common seal, which they may alter at their pleasure, and may sue and be sued, implead and be impleaded, in any court, and may receive, purchase, and hold property, real or personal, not exceeding fifty thousand dollars in value, and may lease, sell, use or dispose of any such property, in any manner they may think proper for the use and benefit of said town; that the corporate powers of said town shall be vested in, and exercised by and through, an intendant and four councillors, who, when qualified and elected as prescribed in said act, shall constitute a board, to be called " the intendant and council of the town of Eutaw"; and that the intendant and council of said town are authorized and required to cause the roads, streets, and alleys in said town, to be kept in good order and free from obstructions, &c., &c.—Pamph. Acts of 1840–1, pp. 26–31.

The only corporation created by that act, was " the town of Eutaw." Although the persons who, during any particular period, were the intendant and councillors of said town, were, during that period, authorized to exercise the corporate powers thereof; yet these persons were but the directors and agents of the corporation. In making contracts under color of their authority as such agents, they are not to be considered as public, or government agents, contracting in behalf of the public; but, at most, as agents contracting in behalf of a corporation capable of making contracts, and liable to an action on its contracts.—Simonds v. Heard, 23 Pick. Rep. 120; Story on Agency, (ed. of 1851,) §§ 282, 285, 305; Meriel

v. Wymansold, Hardres, 205; Furnivall v. Coombes, 5 Mann. & G. 736–752; Gill v. Brown, 12 Johns. Rep. 385.

The instrument executed by them, as the same is set forth in the complaint in the case at bar, is *under seal*, and to it their names and seals are affixed. It does not purport on its face to be the deed of the corporation, nor to have been executed in its name and behalf. It does not contain any covenant on behalf of the corporation, that it will pay or do any thing. The seal of the corporation is not affixed to it. But, after setting forth in its commencement that the agreement contained in it was made and entered into "by and between Joseph W. Hall, of the first part, and the intendant and council of the town of Eutaw, of the second part", and then setting forth the covenants of "the party of the first part"; the instrument proceeds as follows—to-wit: "In consideration of which said services, *the parties* of the second part agree to pay the said Hall the sum of three hundred dollars on the first day of January, 1855,"·&c., &c. * * * "The street horse and cart are hereby reserved by *the parties* of the second part, to be disposed of as *they* may deem expedient and proper. In testimony whereof, the said parties have hereunto set *their hands*, and affixed *their seals*," &c.

Conceding that the corporation may be liable in some mode and in some form of action, yet it is clear it cannot be sued *on the instrument*, as its deed,—it not being in the name, nor under the seal, of the corporation.—Story on Agency, §§ 147, 148, 149, and cases cited in note 2 to section 149; Dawson v. Cotton, 26 Ala. 591.

As the instrument cannot be deemed the deed of the corporation, it will be utterly without any legal effect, in favor of "the party of the first part", unless it be construed to be the deed of "*the parties* of the second part." The law will not impute to them the intention to do a void act; but, *ut res magis valeat, quam pereat,* it will rather be presumed that it was their intention, as agents, to be bound for their principal. They have, in the *commencement* of the instrument, described themselves as "the intendant and council of the town of Eutaw"; which may fairly be construed as a description of themselves as agents. But the covenants in favor of Hall, contained in the instrument, appear on its face to be the

Hall v. Cockrell.

covenants of *the individuals* who, as individuals, and as "*the parties* of the second part," entered into them, and who *as individuals* " set *their hands* and affixed *their seals*" to them. In the instrument, there are apt words to charge them personally, when construed in connection with *their individual names and seals* which *they* affixed.to it, and with the act incorporating the town of Eutaw. The words, " the intendant and council of the town of Eutaw", as used in the instrument, may well be treated as a mere *descriptio personarum;* as a mere designation of the corporation, by whose authority and for whose benefit they were acting, and not as intended to exclude a personal responsibility.—Story on Agency, §§ 273, 278, 280, 281; Lazarus v. Shearer, 2 Ala. 724; Simonds v. Heard, 23 Pick. R. 120; Rossiter v. Rossiter, 8 Wend. 494; Arfridson v. Ladd, 12 Mass. 173.

Without saying more, we sanction, as applicable to the case as now presented, the following doctrine: that where the instrument is under seal, and the agent is a direct party to it, and the principal is not, so that the latter is not, *ex directo,* suable thereon, there the agent, although he describes himself as agent, is suable upon the covenants and agreements contained therein, as his own personal contract. We admit, that this doctrine is not applicable to a case where the instrument does not contain any apt words to charge the agent personally, as illustrated in Hopkins v. Mehaffey, 11 Serg. & Rawle, 126; Story on Agency, §§ 278, 291, 270; Tippetts v. Walker, 4 Mass. R. 595. See also the authorities cited *supra;* Whiteside v. Jennings, 19 Ala. 784; Walker v. Swartwout, 12 Johns. R. 444; Aven v. Beckom, 11 Georgia R. 1, and authorities therein cited; Steele v. McElroy, 1 Sneed, 341.

The action of the court below, in sustaining the demurrer to the complaint, was in conflict with the law as hereinabove declared, and was erroneous. Its judgment is therefore reversed, and the cause remanded.