# PROVIDENCE COUNTY.

CITY OF PROVIDENCE *vs.* GEORGE W. MILLER *et als.*

A contract under seal made by an agent will not bind the principal unless made in the name of the principal, and extrinsic evidence to show the principal is inadmissible in case of such a contract.

An agreement for the purchase and sale of realty was made between E. J. and M. of the first part, and D. "in behalf of the city of Providence" of the second part. It was signed by all the parties in their own names and sealed with their own seals.

On demurrer to a bill for specific performance filed by the city of Providence: —

*Held,* that the contract was that of D. personally and not that of the city.

*Held,* further, that the words "in behalf of the city of Providence," though indicating a beneficial interest on the part of the city, neither made it a party to the contract nor entitled it to sue as such.

*Held,* further, that the fact admitted at the hearing though not charged in the bill, that D. was mayor of the city of Providence when the contract was made and signed, was unimportant.

*Semble,* that the general rule, that a contract made by a public officer in his official capacity in behalf of the public will not bind such officer personally, does not apply to officers of a municipal corporation, which can contract for itself and be sued on its contracts.

BILL IN EQUITY for specific performance. The facts are sufficiently stated in the opinion of the court. The respondents demurred to the bill.

*Tillinghast & Ely*, in support of the demurrer.

I. The contract set out in the bill, assuming it to be the contract of the city of Providence, is "*ultra vires*" and void. Cooley's Constitutional Limitations, 211; *Lewis* v. *City of*

*Providence*, 10 R. I. 97; Dillon on Municipal Corporations, *433. Clause 13 of section 9 of the charter of the city of Providence confers no greater power than is given by Gen. Stat. R. I. cap. 31, § 2.

The contract set out in the bill is a mere contract to purchase for speculation or profit, and nothing more. It does not change its essential character that it purports to be incidentally connected with a public work, to wit, the widening and straightening of Broad Street. Assuming even that the city could purchase lands to lay open for a highway, — which may well be doubted under the statutes prescribing special modes for obtaining the *right of way*, which is all that the public necessity can require, and which it would seem must be exclusive of the right to purchase *the fee* for that purpose, — this purchase was for no such use.

This land, as shown by the contract itself, was entirely outside of the highway. Once concede this power, and there is no limit to its exercise except the power of cliques or rings — should such ever exist among us — of controlling or influencing the action of the city council. Lands may be purchased to any extent under pretence of being incidentally connected with the exercise of any one of the powers of the municipal government. *Taylor* v. *Chichester, &c. Railway Co.* L. R. 2 Exch. 356; *Pearce* v. *Madison, &c. R. R. Co.* 21 How. U. S. 441; *Sumner* v. *Marcy*, 3 Wood. & M. 103; *Downing* v. *Mt. Washington Road Co.* 40 N. H. 230; *Parsons* v. *Goshen*, 11 Pick. 396; *Riley* v. *Rochester*, 9 N. Y. 64; *Dudley* v. *Cilley*, 5 N. H. 558.

II. The alleged contract being therefore void on the part of the city, cannot be enforced against the defendant for want of mutuality. 1 Story's Eq. Juris. (9th ed.) §§ 723–787–793 *l;* *Bank of Michigan* v. *Niles*, 1 Doug. (Mich.) 401.

III. The consideration of this contract, as shown upon its face, was an illegal one, viz., that the city to secure it would exercise in a prescribed manner one of the highest discretionary trusts committed to it. It could scarcely be expected that the members of the city government acting under it could independently and without bias vote upon the question of electing to make or not to make this change in the street. Such a contract

being founded upon illegality cannot be enforced. Compare *Haverhill* v. *Gale*, 103 Mass. 104.

IV. But the contract, as shown by the copy annexed to the bill, was in no sense the contract of the city, but if anything the contract of Thomas A. Doyle, in whose name it was made, and by whom alone, as party of the second part, it is signed and sealed. The mere recital, that it is made by him " on behalf of the city," without pretence of authority either by vote or even by execution under the corporate seal, amounts to nothing. Plainly, the defendant could have no action against the city under it, upon the showing made by this bill.

*Nicholas Van Slyck*, City Solicitor, and *Stephen A. Cooke, Jr.*, Assistant City Solicitor, *contra.*

In widening and relaying Broad Street, a certain narrow gore of land belonging to the defendants and another was left between the old and the new lay-out of the street. It was not taken because not required for the street. Were it not for this gore, upon the reversion of the old street to abutting proprietors when abandoned as a highway, their lots would front on Broad Street as recently laid out. To secure this frontage to abutters, and to lessen the damages in making the improvement by so doing, the city made the contract for the purchase of this gore now contested.

The arbitrary power vested in the city of Providence by the General Assembly to take land in street improvements does not preclude the acquisition of land by contract, when that land, though not required for the street itself, will cheapen the cost of the improvement and is acquired solely for that purpose. 1 Dillon on Municipal Corporations, §§ 55, 372.

It is only necessary that the purpose of the purchase and payment shall be to serve some public interest. *Lewis* v. *City of Providence*, 10 R. I. 97.

*January* 22, 1876. DURFEE, C. J. This is a suit in equity brought by the city of Providence against George W. Miller and George W. Ellerbeck, to enforce the specific performance of a contract under seal. The contract purports to be an agreement of two parts, between George W. Ellerbeck, Joseph S. Johnson, and George W. Miller, parties of the first part, and Thomas A. Doyle, " in behalf of the city of Providence," party of the second

part.  The parties of the first part agree, in consideration that the city of Providence shall widen and straighten Broad Street in the manner described, to sell and convey to the party of the second part, or to certain owners of land abutting on Broad Street, a gore of land, on payment within one year by the party of the second part, or said abutting owners, of such sum of money as shall be estimated, &c.  And the party of the second part agrees to purchase the gore of land at the estimated price.  The contract is signed by Thomas A. Doyle, and by the parties of the first part respectively, in their own names and sealed with their own seals. A copy of the contract is annexed to and made a part of the bill ; but in the body of the bill it is set forth as a contract made between the parties of the first part and the city of Providence, the city agreeing with them through its agent, Thomas A. Doyle. The bill alleges that the city widened and straightened Broad Street, that the price of the gore was properly estimated, that the city within a year tendered the estimated price to the defendants, and requested a conveyance of the gore of land to itself, and that the defendants refused to make it.  The bill prays that they may be decreed to make it.  The defendants demur to the bill.

In support of the demurrer the defendants urge that the contract, as shown by the copy annexed to the bill, was in no sense the contract of the city, but, if anything, the contract of Thomas A. Doyle, in whose name it was made, and by whom alone, as party of the second part, it is signed and sealed.

The contract is not in our opinion, upon its face, a contract with the city of Providence.  It binds not the city, but Thomas A. Doyle, to pay for the land ; and it binds the defendants to convey the land not to the city, but to Thomas A. Doyle, or the abutting owners.  The only thing that gives countenance to the claim that the contract is the contract of the city is the expression, " in behalf of the city of Providence," which appears nowhere but in the title of the contract.  These words indicate that the city is beneficially interested, but they do not make it a party, or entitle it to sue as a party, to the contract.  *Barford* v. *Stuckey*, 5 Moore, 23 ; 8 Moore, 88.  A man may contract in behalf of another without being his agent.  In *Norton* v. *Herron*, 1 C. & P. 648, the contract, though not under seal, was like the contract before us.  It began, " Memorandum of an agreement, made this 14th day of

April, 1824, between George Herron, on the behalf of Edward Barron, of the one part, and James Norton of the other part ; " and then, without further mention of Barron, proceeded as if it were simply a contract between Herron and Norton. · Norton sued Herron for not performing it. Herron contended that he was not personally liable, having contracted as the agent of Barron. The court held him to be personally liable. Of course if the contract on its face were not his but Barron's, he would not have been liable. And see *Appleton* v. *Binks*, 5 East, 148 ; *Burrell* v. *Jones*, 3 B. & A. 47 ; *Abbey* v. *Chase*, 6 Cush. 54. The case of *Tanner* v. *Christian*, 4 El. & B. 591, is still stronger. The agreement was between Christian " for and on behalf of Norris," of the first part, and Tanner of the second part, and was expressed throughout to be by Christian " on the part of Norris," or to Christian " for the use of Norris," &c. The agreement was signed by Christian and Tanner in their own names, and the court held that Christian was personally bound by it. In *Bradlee·*v. *Boston Glass Co.* 16 Pick. 347, Shaw, C. J., says : " As the forms of words in which contracts may be made and executed are almost infinitely various, the test question is, whether the person signing professes and intends to bind himself, and adds the name of another, to indicate the capacity or trust in which he acts, or the person for whose account his promise is made ; or whether the words referring to a principal are intended to indicate that he does a mere ministerial act, in giving effect and authenticity to the act, promise, and contract of another." In that case a note signed by three persons who jointly and severally promise to pay the plaintiff or order, " for the Boston Glass Company, $3,500, on demand with interest," was held to be the note of the subscribers, and not the note of the corporation, though given for a debt of the corporation and entered on the note-book of the corporation as a note due from it to the plaintiff. And see *Parker* v. *Winlow*, 7 El. & B. 942 ; *Lennard* v. *Robinson*, 5 El. & B. 125 ; *Paice* v. *Walker*, L. R. 5 Exch. 173 ; *Wilson* v. *Zulueta et als.* 14 Q. B. (Ad. & E. N. S.) 405 ; *Reid et al.* v. *Dreaper*, 6 H. & N. 813 ; *Healey* v. *Storey*, 3 W., H. & G. 3 ; *Watson et al.* v. *Murrell*, 1 C. & P. 307 ; *Hall* v. *Cockrell*, 28 Ala. 507 ; *Titus et al.* v. *Kyle*, 10 Ohio St. 444 ; *Steele* v. *McElroy*, 1 Sn. 341.

The contract in the case at bar is under seal, and the cases are

numerous which hold that a deed or contract under seal made by an agent does not bind the principal unless it is made in the name of the principal, and that it is not enough for the agent to declare in the instrument that he makes it as the agent of his principal, and to add to his signature words expressive of the same thing. *Combe's case,* 9 Rep. 75; Moore's Cases, B. R. 70, No. 191; *Bacon* v. *Dubarry,* 1 Ld. Raym. 246; *Frontin* v. *Small,* 2 Ld. Raym. 1418; also in 1 Stra. 705; *White* v. *Cuyler,* 6 Term Rep. 176; *Berkeley* v. *Hardy,* 8 Dowl. & Ry. 102; *Lessee of Clarke et al.* v. *Courtney et als.* 5 Pet. 319, 350; *Fowler* v. *Shearer,* 7 Mass. 14; *Elwell* v. *Shaw,* 16 Mass. 42; *Brinley et al.* v. *Mann,* 2 Cush. 337; *Stinchfield* v. *Little,* 1 Me. 231; *Locke* v. *Alexander,* 1 Hawks, 412. There are cases, however, which state the rule less strictly, and hold that the deed or contract, however executed, is to be regarded as the deed or contract of the principal if upon its face it appears to have been intended to be such. *Hunter's Adm'r* v. *Miller's Exec.* 6 B. Mon. 612; *Jones's Devisees* v. *Carter,* 4 Hen. & M. 184; *Deming* v. *Bullett et al.* 1 Blackf. 240; *Magill* v. *Hinsdale,* 6 Conn. 464; and see *Randall* v. *Van Vechten et als.* 19 Johns. 60; *Dubois* v. *Del. & Hud. Canal Co.* 4 Wend. 285; *Wilks et al.* v. *Back,* 2 East, 142. The case at bar, however, does not even come within the latter class of cases, for the contract does not upon its face appear to have been intended to be the contract of the city of Providence. It is only by extrinsic evidence that the city can be shown to have been a contracting party, and such evidence is inadmissible where the contract is under seal, as is conceded even by the cases which hold that such evidence is admissible in respect of ordinary contracts in writing. *Green* v. *Horne,* 1 Salk. 197; *Beckham* v. *Drake,* 9 M. & W. 79 (see also 2 H. L. 581, note); *Sims* v. *Bond,* 5 B. & Ad. 389, 393; *N. Eng. M. Ins. Co.* v. *De Wolf,* 8 Pick. 56; *Lefevre et al.* v. *Boyle,* 3 B. & Ad. 877; 1 Parsons on Contracts (5th ed.), 62.

Mention is made of a fact not stated in the bill, that Thomas A. Doyle is, and was when the contract was made, mayor of the city of Providence. The general rule is that a contract made by a public officer in his official capacity, in behalf of the public, will not bind such officer personally. *Macbeath* v. *Haldimand,* 1 Term Rep. 172; *Unwin* v. *Wolseley,* 1 Term Rep. 674; *Melchart et al.*

v. *Halsey et als.* 3 Wils. 149; *Hodgson* v. *Dexter*, 1 Cr. 345; *Walker* v. *Swartwout*, 12 Johns. Rep. 444; *Freeman* v. *Otis*, 9 Mass. 272. Nevertheless, if such an officer chooses to contract personally, he will be personally bound. *Sheffield* v. *Watson*, 3 Cai. R. 69; *Gill* v. *Brown*, 12 Johns. Rep. 385; *Horsley* v. *Bell*, 1 Bro. C. C. 101, note. And see *United States* v. *Parmele*, 1 Paine, 252. Thomas A. Doyle chose to contract personally. His contract nowhere refers to his official capacity. It has been held, moreover, that the rule in regard to public officers does not apply in favor of the officers of a municipal corporation which is capable of making contracts for itself, and is liable to be sued thereon. *Simonds* v. *Heard*, 23 Pick. 120; *Hall* v. *Cockrell*, 28 Ala. 507.

We are therefore of the opinion that the plaintiff is not entitled to relief on the bill as now framed. Whether the plaintiff, if beneficially entitled under the contract, may not be entitled to relief in a suit on some different bill, is a question which suggests itself, but upon which we have not at present any opinion to express. *Demurrer sustained.*