FREDERICK W. BROWN *vs.* J. WALTER BRADLEE & others.

Norfolk.　January 25, 1892. — February 25, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Reward — Individual Liability — Evidence.*

Where three individuals signed a paper as selectmen of a town, offering a reward to any person furnishing evidence that would lead to the arrest and conviction of the person who shot a citizen of the town on a specified date, and the plaintiff, relying on the offer, procured evidence that led to the arrest and conviction of the person who did the shooting, it was *held* that the signers were personally liable, and that the addition of their official designation did not take away from their names their ordinary significance, and make of their collective signatures a composite unit which meant the town and nothing else.

In an action to recover a reward for furnishing evidence leading to the arrest and conviction of a person who shot another, it was *held* that proof by the record that a party had been convicted of the shooting and his admission of his guilt at the trial were not *res inter alios,* and were admissible in evidence, the conviction being *prima facie* evidence of guilt for the purposes of the contract; and that the fact that the plaintiff was told three days after the shooting, as the police had already been told, of the deportment of three suspicious-looking men, from which as a clue the plaintiff procured the police to arrest the men, and discovered other evidence that led to the conviction of one of them, did not prevent a finding for the plaintiff.

CONTRACT for the amount of a reward. The declaration alleged that the defendants, on or about November 22, 1889, by public advertisement, offered a reward, signed by them as "Selectmen of Milton," to any person furnishing evidence that would lead to the arrest and conviction of the person who shot Edward Cunningham on November 21, 1889, by inserting "the same in various newspapers, and placarding it by written or printed posters in various public places; that the plaintiff, seeing the same and relying on the terms thereof, devoted his time and energies to procuring such evidence, and thereafter, and prior to the bringing of the suit, furnished evidence which led to the arrest and conviction (in accordance with the terms of the offer) of one Ignitta de Lucca, the person who shot the said Edward Cunningham. That after the arrest and conviction of the said De Lucca as aforesaid, and prior to the bringing of this suit, the plaintiff made a demand on the defendants for the amount of the said reward, but the defendants have neglected and refused to pay the same. Wherefore the said defendants owe the plaintiff the amount of said reward, to wit, the sum of twenty-five hundred dollars." The answer was a general denial.

The defendants demurred to the declaration, on the ground that the contract was that of the inhabitants of the town of Milton, and that it did not appear from the declaration that the defendants ever contracted with the plaintiff. The demurrer was overruled.

It was admitted that the reward had been publicly offered by written posters and otherwise, issued by the defendants. At the trial in the Superior Court, before *Bishop*, J., it appeared that the plaintiff was told, three days after the shooting, by Caleb L. Cunningham, a nephew of Edward L. Cunningham, that on the afternoon of the shooting two suspicious-looking men rode into Boston on a horse-car which left Milton at a certain time, and the conductor of which was named Conlan ; that the police had been previously notified to the same effect, and that, starting from this clue, the plaintiff discovered that De Lucca was probably one of the men, and procured his arrest through the police, and this led to the discovery of further evidence which secured the conviction ; that Caleb L. Cunningham gave more information to the police than to the plaintiff; that the plaintiff knew of the

information having been previously furnished to the police, and that Cunningham said to the plaintiff, " I will be glad to pay all your expenses, and I will, if it is possible, compensate you," but that Cunningham never paid the plaintiff anything ; that Cunningham never laid any claim to the reward ; that the records of the court at Dedham at which De Lucca was tried were offered in evidence, by which it appeared that De Lucca was convicted for shooting the said Edward L. Cunningham, and sentenced therefor ; and that it appeared from the stenographer's notes of the testimony at the trial, which notes were admitted in evidence, that De Lucca admitted the shooting.

The defendant asked the court to rule : " First, that there was no evidence to support a finding that evidence leading to the arrest and conviction had been furnished by the plaintiff. Second, that such evidence, if any, furnished by the plaintiff, was furnished jointly by the plaintiff and Caleb Cunningham. Third, that upon the terms of the contract in the suit, and upon the evidence, there was no evidence of liability of these defendants. Fourth, that there was no evidence in the case to warrant a finding that De Lucca was the person who shot Edward Cunningham."

The court declined to rule as requested, and charged the jury that, in order to recover, the plaintiff must have furnished the first information sufficient for the arrest and conviction of the guilty party ; " and that, in considering whether the evidence furnished by the plaintiff led to the arrest and conviction, and was the efficient cause of producing it, the jury should inquire whether any information had been previously given which led to it, as, for example, by Mr. Caleb Cunningham. Was the information that Mr. Cunningham furnished the first effective information which led to the arrest and conviction ? If so, the plaintiff could not recover." And also that the plaintiff must himself, and not jointly with some one else, have furnished the evidence.

The defendants' counsel requested the following ruling :

" Upon the contract in the declaration, the reward is to be given to the person who first gives the evidence or information which led to the arrest and conviction ; and the mere furnishing of additional evidence or information by another will not entitle the other to the reward."

The court gave the ruling with the following remarks :

"That is so, but you are to distinguish between a case where the information first given was the information which led to the arrest, in which case this principle would apply, and a case where the first information or evidence furnished was not the first effective information which led to the arrest, but was something insufficient for that purpose, and the first effective information or evidence leading to the arrest was given subsequently to certain information which was not the first effective information leading to the arrest."

The jury returned a verdict for the plaintiff for the full amount claimed, and the court, at the request of the parties, reported the case for the determination of this court. By agreement of counsel, judgment was to be entered for the defendants, if the ruling upon the defendants' fourth prayer was erroneous. If the ruling upon the fourth prayer was correct, but the other rulings, or any of them, were erroneous, the case was to be sent back for a new trial ; otherwise, judgment to be entered upon the verdict, or such other entry to be made as to law should appertain.

*J. M. B. Churchill,* for the defendants.

*C. Browne & J. J. Feely,* (*J. H. Taylor* with them,) for the plaintiff.

HOLMES, J.  This is an action to recover a reward which was offered in writing in the following terms : —

"$2,500 reward will be paid to any person furnishing evidence that will lead to the arrest and conviction of the person who shot Mr. Edward Cunningham, November 21, 1889.

> "J. Walter Bradlee,  ⎫ Selectmen
> T. Edwin Ruggles,  ⎬  of
> J. Albert Simpson, ⎭ Milton.

"Milton, Nov. 22, 1889."

The main questions reserved by the report are really questions as to the construction of this instrument, namely, whether the defendants bound themselves personally by it, and what evidence would warrant a finding that the conditions of the offer were satisfied.

On the first question we are of opinion that the defendants are personally liable.  No doubt the instrument would bind the

town if made with authority and intent to bind it. *Crawshaw* v. *Roxbury*, 7 Gray, 374. *Janvrin* v. *Exeter*, 48 N. H. 83. But the same words may bind two parties, — the agent, because in their literal sense they purport to bind him; the principal, because he is taken to have adopted the name of the agent as his own for the purpose of the contract. *Byington* v. *Simpson*, 134 Mass. 169. *Calder* v. *Dobell*, L. R. 6 C. P. 486. The purport of the words used in this case is that the promise contained in the body of the paper is made by the signer. The only question is, Who is the signer? Do the defendants, by adding their official designation, take away from their names their ordinary significance as proper names, and make of their collective signatures a composite unit, which means the town of Milton and nothing else? We think not. But for the words, " Selectmen of Milton," the promise would be in the usual and proper form for a personal undertaking. *Wentworth* v. *Day*, 3 Met. 352. *Besse* v. *Dyer*, 9 Allen, 151. *Lancaster* v. *Walsh*, 4 M. & W. 16. *Lockhart* v. *Barnard*, 14 M. & W. 674. *Thatcher* v. *England*, 3 C. B. 254. *Tarner* v. *Walker*, L. R. 1 Q. B. 641; L. R. 2 Q. B. 301. If it contained express words of personal promise, and the corporation was a private corporation, or the agents were not public officers, the mere addition of their office would not exonerate them. *Simonds* v. *Heard*, 23 Pick. 120, 125. *Fullam* v. *West Brookfield*, 9 Allen, 1, 4. *Tucker Manuf. Co.* v. *Fairbanks*, 98 Mass. 101, 104. The only argument which can be relied on for a different conclusion here is that the defendants were public officers, and that a more liberal rule prevails with regard to them. It has been doubted how far there is such a difference with regard to agents or officers of a town; *Simonds* v. *Heard*, 23 Pick. 120, 124; *Hall* v. *Cockrell*, 28 Ala. 507; *Providence* v. *Miller*, 11 R. I. 272; and these cases show very plainly, if authority for the proposition is needed, that such officers will bind themselves personally if they purport to do so. As a test of what the defendants have purported to do by the literal meaning of their words, suppose that their offer had been under seal, we think it would have been impossible to say that the only meaning of the signature was the town of Milton. See *Codding* v. *Mansfield*, 7 Gray, 272, 273. Perhaps our conclusion is a little strengthened by the consideration that, so far as appears, the defendants had not authority to

bind the town for more than $500. Pub. Sts. c. 212, § 12. For although, of course, an agent does not make a promise his own by exceeding his authority, if it purports to bind his principal only, (*Jefts* v. *York*, 4 Cush. 371,) still, when the construction is doubtful, the fact that he has no authority to bind the supposed principal is a reason for reading his words as directed toward himself. *Hall* v. *Cockrell*, 28 Ala. 507, 512.

The second question was raised by a request for a ruling that there was no evidence of the defendants' liability. It was proved by the record that one De Lucca had been convicted for the shooting of Edward Cunningham, and De Lucca's evidence at his trial, admitting that he shot Cunningham, was also put in, but the defendants contended that this evidence was *res inter alios*, and not competent in this action to prove that De Lucca was the guilty man. This position rests on too strict a construction of the words, "the person who shot Mr. Edward Cunningham," in the contract. We will assume that they mean a little more than "a person for shooting," and that it would be open to the defendants to prove mistake or fraud in the conviction. But we have no doubt that the contract so far adopts the proceedings of the criminal trial as a test of liability that the conviction is *prima facie* evidence of guilt, and that the admission of the party accused there is admissible when necessary. *Mead* v. *Boston*, 3 Cush. 404; *York* v. *Forscht*, 23 Penn. St. 391.

A third question is raised whether the jury were warranted in finding that the plaintiff furnished evidence that led to the arrest and conviction of De Lucca. We are of opinion that there was evidence which warranted their so finding. It is true that the plaintiff was told, as the police had been, that on the afternoon of the shooting two suspicious-looking men went into Boston upon a horse-car which left Milton at a certain time, and the conductor of which was named Conlan. But the plaintiff, starting from this hint, by more or less artful inquiries discovered that De Lucca was probably one of the men, procured the police to arrest him, and discovered or contributed to the discovery of other evidence which led to the conviction. The question properly was left to the jury, and the instructions given them were full and accurate.

*Judgment on the verdict.*