EDWARD G. BYINGTON & another *vs.* LUCY SIMPSON.

Suffolk. January 10. — 22, 1883. FIELD & W. ALLEN, JJ., absent.

That a person knew, when he entered into a contract in writing not under seal, purporting on its face to be made on the other part by A. and signed by " A., agent," that A. was in fact contracting as agent for B., will not prevent him from maintaining an action against B. on the contract.

HOLMES, J. This is a suit to recover a balance due under a building contract. The contract was in writing, and purported on its face to be made by the plaintiffs with J. B. Simpson. It provided that the work should be done under the direction of J. B. Simpson, agent, and was signed " J. B. Simpson, agent." J. B. Simpson was in fact contracting as agent for the defendant, his wife, and this was known to the plaintiffs at the time the contract was made.

The defendant contends that she was not bound by this contract under the foregoing circumstances. The fact that the contract purports to be under seal, although not sealed, has not been relied on as affecting the case, which, especially in view of the inartificial nature of the instrument, it ought not to do ; but the argument is, that, inasmuch as the plaintiffs knew of the existence of a principal before the contract was made, and then were contented to accept a written agreement which on its face bound the agent, they must be taken to have dealt with, and to have given credit to, the agent alone ; just as, upon a subsequent discovery of the undisclosed principal, they might have determined their right to charge him by a sufficient election to rely upon the credit of the agent.

We are of opinion that the plaintiffs' knowledge does not make their case any weaker than it would have been without it. Whatever the original merits of the rule, that a party not mentioned in a simple contract in writing may be charged as a principal upon oral evidence, even where the writing gives no indication of an intent to bind any other person than the signer, we cannot reopen it, for it is as well settled as any part of the law of agency. *Huntington* v. *Knox*, 7 Cush. 371, 374. *Eastern Railroad* v. *Benedict*, 5 Gray, 561. *Lerned* v. *Johns*,

9 Allen, 419. *Hunter* v. *Giddings*, 97 Mass. 41. *Exchange Bank* v. *Rice*, 107 Mass. 37, 41. *National Ins. Co.* v. *Allen*, 116 Mass. 398. *Higgins* v. *Senior*, 8 M. & W. 834, 844. And it is evident that words which are sufficient on their face, by established law, to bind a principal, if one exists, cannot be deprived of their force by the circumstance that the other party relied upon their sufficiency for that purpose. Yet that is what the defendant's argument comes to. For the same parol evidence that shows the plaintiff's knowledge of the agency may warrant the inference that the plaintiffs meant to have the benefit of it and to bind the principal.

The only reasons which have been offered for the admissibility of oral evidence to charge the alleged principal confirm this conclusion. That suggested in *Higgins* v. *Senior*, *ubi supra*, is the same which is usually given for the liability of a master for his servant's torts, that the act of the agent is the act of the principal; (see 1 Bl. Com. 432; *Laugher* v. *Pointer*, 5 B. & C. 547, 553; *Williams* v. *Jones*, 3 H. & C. 602, 609;) the meaning of which, in its latter application at least, is, as was stated long ago, that master and servant are "fained to be all one person." West's Symboleography, Part I. sect. 3, "Of the Fact of Man." The most plausible explanation which has been attempted pursues the same thought more clearly. It is said that the principal is liable "because he is taken to have adopted the name of the [agent] as his own, for the purpose of [the] contract." 2 Smith Lead. Cas. (8th ed.) 408, note to *Thomson* v. *Davenport*. *Trueman* v. *Loder*, 11 Ad. & El. 589, 595 ; *S. C.* 3 P. & Dav. 267, 271. If this is to be accepted, there is obviously the strongest ground for saying that the principal has adopted the agent's name for the purposes of a given contract when it is shown that both parties have acted on that footing.

The most that could fairly be argued in any case would be, that, under some circumstances, proof that the other party knew of the agency, and yet accepted a writing which did not refer to it, and which in its natural sense bound the agent alone, might tend to show that the contract was not made with any one but the party whose name was signed; that the agent did not sign as agent, and was not understood to do so, but was

himself the principal. But these are questions of fact, and, as a matter of fact, it is obvious, and it is found, that the defendant was the principal, and that the contract was made with her.

The objection that two persons cannot be bound by the same signature to a contract, if sound, would be equally fatal when the principal was not known. There is a double obligation, although there can be but one satisfaction.

Our decision is in accordance with a thoroughly discussed English case which went to the Exchequer Chamber, and with the statement of the law by Mr. Justice Story there cited. *Calder* v. *Dobell*, L. R. 6 C. P. 486. Story Agency, § 160 *a*.

*Judgment for the plaintiffs affirmed.*

*J. H. Benton, Jr.*, for the defendant.

*S. L. Powers*, (*G. W. Sanderson* with him,) for the plaintiffs.