JOHN J. CRAWFORD *vs.* MICHAEL MORAN & others.

Suffolk. March 24, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Agency — Evidence — Admissions.*

In an action to recover salary due to a salesman, who was hired by an agent of the defendant, a written receipt for money received by the plaintiff from the defendant through the hands of the agent is admissible in evidence, as an act or declaration of authority by such agent, without showing that the defendant had personal knowledge of it at the time it was taken by his agent, when it is offered in connection with evidence that the defendant had authorized his agent to employ salesmen and to contract with them in the defendant's name, had advised him to hire the plaintiff, and had furnished his own checks, drawn to the order of the plaintiff, in payment of his salary and expenses.

In an action by A. upon a contract between himself and B., who was the agent of C., signed by A., B., and C., by which B. employed A. as a salesman for C., A., in order to negative the theory that he gave exclusive credit to B., may testify that when he signed the contract and acted under it he relied upon C.

CONTRACT, to recover $100, being the amount of salary due to the plaintiff for services as a travelling salesman for the defendants from December 30, 1895, to January 27, 1896.

At the trial in the Superior Court, before *Lilley*, J., there was evidence tending to show that the defendants, who were copartners, carrying on business until the autumn of 1895 under the firm name of Charles E. Hall and Company, and after that under the name of the National Soda Fountain Company, on October 8, 1895, entered into an agreement, under seal, with one Presby, to employ him as a salesman for two years from that date, stipulating that he should devote his entire time, labor, and ability as a salesman to the business of the defendants, in compensation for which he should receive " the sum of fifteen per cent on the net sales of all soda fountains effected by him, or his agents, which percentage is to include all compensation for travelling, or sales expenses," and allowing him " to draw on account the sum of fifty dollars, and such sums as may be necessary for travelling or sales expenses "; that on December 5, 1895, Presby made a written contract with the plaintiff, of which the following is a copy.

"Agreement, Dec. 5th, 1895.

"This agreement, entered into between George T. Presby, party of the first part, and John J. Crawford, party of the second part:

"The party of the first part agrees to employ and pay a salary of $25 each week and travelling expenses to the party of the second part. This to take effect on this date; to expire October 1, 1896.

"That after the first day of July to be held on waiting orders, and no regular travelling expenses allowed, only such as are necessary in carrying out direct orders from the party of the first part.

"The party of the second part agrees to devote his whole time and attention to the sale of the National Soda Fountains, and only such goods as may be offered him for sale by the party of the first part.

[Rubber stamp.]
"The National Soda Fountain Co.
George T. Presby,
John J. Crawford."

The plaintiff introduced in evidence certain checks of Charles E. Hall and Company, drawn to his order, delivered by the defendants to Presby, and by him to the plaintiff, in payment of his salary and expenses. The plaintiff also offered in evidence the following receipt.

"The National Soda Fountain Co.
Office 78 Sudbury St.
Factory 67 to 93 Charlestown St.
"Boston, Dec. 30, 1895.

"Rec'd of Chas. E. Hall & Co., check fifteen dollars through hands of George T. Presby to apply on expense account.
"John J. Crawford."

The defendants objected to the admission of the receipt, unless it should first be shown that the defendants had knowledge of it when it was taken. The judge admitted it, and the defendants excepted.

The plaintiff testified that, when he signed the contract, he knew that Presby had a contract with the defendants, but that he neither knew nor asked the extent of Presby's authority.

He further testified, subject to the exception of the defendants, that when he signed the contract, and acted upon it, " he relied upon the National Soda Fountain Company, knowing them to be Charles E. Hall & Company."

Presby testified that, before hiring the plaintiff, he told the defendants that it was time to force the sale of their goods, and to make a canvass for that purpose, and that they replied they would leave that to him ; that he afterwards introduced the plaintiff to them, saying that he was a good man, and was told that he had better hire him.   There was other evidence that the defendants had held Presby forth as the general manager of their sales department.

One of the defendants testified that the checks given to the plaintiff were made at the request of Presby, and for his convenience, so that he might send money to agents on the road, and that they were charged to him on the cash book of the defendants.

At the close of the evidence, the defendants requested the judge to rule that, if the plaintiff when he made the contract knew that Presby was the agent of the defendants, he could not hold the defendants, because the contract, by its terms, was with Presby, and in no way stated that the defendants were to be bound thereby.

The judge declined so to rule, and submitted the case to the jury, who returned a verdict for the plaintiff ; and the defendants alleged exceptions.

*H. V. Cunningham,* for the defendants.

*G. W. Anderson,* ( *C. H. McIntyre* with him,) for the plaintiff.

ALLEN, J.  1. The receipt given by the plaintiff to Presby was admissible, on the ground that evidence had already been introduced which, if believed, was sufficient to show that Presby in taking it was acting as the defendants' agent.   The plaintiff had offered evidence tending to show that the defendants had expressly authorized Presby to employ salesmen, and enter into any reasonable contracts with them in the name of the defendants ; that they had held him out as the general manager of their sales department; and especially that one or more members of the defendant firm had said to Presby that he had better hire the plaintiff.   There was also evidence tending to show that the

defendants had furnished their own checks drawn to the plaintiff's order in payment of his salary and expenses, and the receipt in question was given upon the delivery of such a check to the plaintiff by Presby. In view of this evidence of agency, the acts and declarations of Presby in the course of his employment were competent to be submitted to the jury to affect the defendants. The taking of the receipt was an act of this character, and the receipt might be put in evidence without showing that the defendants had personal knowledge of it at the time it was taken. The denial and explanation by one of the defendants was merely evidence for the jury. *Thomas* v. *Wells,* 140 Mass. 517. *Ford* v. *Linehan,* 146 Mass. 283. Taylor, Ev. §§ 590, 602.

2. It was competent to allow the plaintiff to testify that he relied upon the defendants when he signed the contract and acted under it, in order to negative the theory that he gave exclusive credit to Presby. The firm name of the defendants was signed to the contract, and the purpose of the contract was to employ the plaintiff to sell the defendants' goods. According to the literal construction of the contract, the promise to pay the plaintiff was made by Presby; but it is well settled that in a contract of this kind, not under seal, the real party in interest may be charged as principal upon oral evidence. *Byington* v. *Simpson,* 134 Mass. 169. *Lerned* v. *Johns,* 9 Allen, 419. *Huntington* v. *Knox,* 7 Cush. 371. Story, Agency, § 270. Both principal and agent may be bound. *Brown* v. *Bradlee,* 156 Mass. 28, 32.

There was no error in the rulings.

*Exceptions overruled.*