## FRANK SCRIBNER *vs.* FLAGG MANUFACTURING COMPANY.

Suffolk. January 15, 1900. — March 5, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Authority of President of Corporation to make Contract — Statute of Frauds.*

At the trial of an action of contract to recover certain commissions under an alleged oral agreement with the president of the defendant corporation, it appeared that the president was authorized to make a certain written agreement with the plaintiff, and that payments were made under it by the corporation, the agreement containing the clause, " Any transaction entered into in other countries shall be subject to another agreement; " that the oral agreement declared on relative to sales in other countries followed the next year, the president being still the ostensible agent of the defendant, and that the plaintiff was entitled to a commission on a certain sum representing sales in those countries, if he could recover anything   The president did not deny making the oral agreement, but testified that he did not remember any such conversation. *Held,* that enough appeared to warrant a finding that the president was authorized to make the contract declared on.

An oral agreement which will be completely performed according to its terms and intention if either party should die within the year, is not within the statute of frauds.

CONTRACT, to recover certain commissions under an alleged oral contract. Trial without a jury, before *Barker,* J., who found for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. E. Maynadier & G. L. Huntress,* (*W. Maynadier* with them,) for the defendant.

*N. E. Warren,* (of New York,) (*M. O. Adams* with him,) for the plaintiff.

LATHROP, J. ˙ No question was made as to the authority of G. H. P. Flagg to sign in behalf of the defendant corporation, as president, the written agreement dated January 2, 1896. By this agreement, the plaintiff was to represent the defendant in New York City, in the sale of a musical instrument called the Apollo harp, and was to receive certain compensation therefor. In July, 1897, the defendant began to put upon the market an instrument called the Regent zither, and this instrument was sent to the plaintiff in New York.

In July, 1897, the plaintiff became acquainted with one Eichler, a dealer in books, who gave away musical instruments as presents to hiś customers, and who wished to go into the business of selling musical instruments in Germany and elsewhere in Europe. The plaintiff · began negotiations with Eichler for the marketing of the Regent zither and harps in Germany and other foreign countries. · There was some correspondence between the plaintiff and the president of the defendant corporation in regard to this, but nothing was said as to the compensation to be paid to the plaintiff.

The plaintiff testified that on August 26, 1897, he came to Boston and saw Flagg, and told him that he, the plaintiff, had a chance to make a big deal with Eichler, to sell the defendant's goods in Germany and other foreign countries; that Flagg was very much pleased; that after some negotiations, Flagg agreed to give the plaintiff five per cent on all sales made to Eichler ; that the plaintiff went to New York and ˙returned to Boston the next day with Eichler, and Eichler ordered some goods of the defendant. Flagg testified for the plaintiff, but said nothing as to his authority to bind the defendant. Nor did he deny making the oral agreement with the plaintiff, but on this point merely testified that he did not remember any such conversation. It was admitted that if the plaintiff was entitled to recover at all, he was entitled to recover a commission upon $170,000, that being the amount of the sales made in Germany and other foreign countries up to the date of the bringing of the action. The judge who tried the case without a jury found for the plaintiff in the sum of $8,500, and interest; and the case comes

before us on the defendant's exceptions to the refusal of the judge to give two rulings. First, that the plaintiff had not made out a *prima facie* case, and, secondly, that the case came within the statute of frauds.

It is contended, in support of the first ruling requested, that it does not appear that Flagg, as president of the corporation, had authority to bind it. This point was not specifically raised at the trial, nor does it appear to have been called to the attention of the presiding justice in any way. We assume, however, for the purposes of the case, that the question is open under the ruling requested.

We have, however, no doubt that enough appeared in this case to warrant the presiding justice in finding that the president was authorized to make the contract declared on. Corporations must act by agents, and it is a matter of little importance by what name an agent is called. There is no dispute in this case that the president of the defendant corporation was authorized to make the written agreement of January 22, 1896, and that payments were made under it by the corporation. This agreement contained the clause, " Any transaction entered into in other countries shall be subject to another agreement." It was clearly contemplated then that another agreement might be made, and the agreement declared on followed the next year. Flagg was still the ostensible agent of the defendant. It was admitted that the sales made by the defendant to Eichler amounted to $170,000 and that the plaintiff was entitled to a commission on this sum, if he could recover anything. We have then abundant proof of the recognition by the defendant of the authority of its president to make contracts, and if he had authority to make these contracts, there can be no doubt, in the absence of evidence to the contrary, that a *prima facie* case was made out. *McNeil* v. *Boston Chamber of Commerce,* 154 Mass. 277, and cases cited on p. 286. See also *Oakes* v. *Cattaraugus Water Co.* 143 N. Y. 430; *Tyler* v. *Anglo-American Savings & Loan Association,* 30 App. Div. (N. Y.) 404.

The remaining question relates to the statute of frauds, Pub. Sts. c. 78, § 1, cl. 5. The defendant contends that the contract was not to be performed within one year, and therefore, not being in writing, and signed by the party to be charged, is

within the statute. There is nothing in the terms of the agreement to show that it was not to be performed within one year. The plaintiff was to receive five per cent on all sales made to Eichler. The contract between Eichler and the defendant, so far as appears, was purely a personal one, and would have terminated by the death of Eichler. This might have happened within a year, and consequently the contract was not within the statute. *Peters* v. *Westborough*, 19 Pick. 364. *Lyon* v. *King*, 11 Met. 411. *Doyle* v. *Dixon*, 97 Mass. 208. *Somerby* v. *Buntin*, 118 Mass. 279, 286. *Bartlett* v. *Mystic River Corporation*, 151 Mass. 433. *Carnig* v. *Carr*, 167 Mass. 544. *McGregor* v. *McGregor*, 21 Q. B. D. 424.                    *Exceptions overruled.*