CLARENCE J. GARDNER *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Suffolk.    November 17, 1916. — January 4, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Insurance,* Endowment.  *Contract,* Construction, Performance and breach.  *Evidence,* Competency, Extrinsic affecting writings.  *Words,* "Leave."

A life insurance company issued to the superintendent of one of its branch offices as a prize for his work an endowment policy containing the following provision: "This policy shall become void whenever the insured named therein shall leave the service of the said Company except by cause of his death." *Held,* that the provision quoted meant that the policy should become void if the insured left

the service of the company voluntarily, and that the provision did not apply if the insured was discharged by the company arbitrarily and without justifiable cause.

In an action brought by the insured upon the policy above described after the expiration of the twenty years at the end of which the insurance money became payable, it was agreed that the plaintiff was entitled to recover unless the policy had become void when the plaintiff ceased to be in the service of the defendant about two years and four months after the policy was issued to the plaintiff. There was evidence that at that time the plaintiff received from the defendant's superintendent of agencies, who it was admitted had full authority to act for the defendant in the matter, the following letter: "This letter will be handed to you by Mr. G, whom we have thought it best to make superintendent at S in your stead. His superintendency will date from the presentation of the letter and you will place him in complete possession of the office and the company's property, . . . If you will forward your resignation we will accept it to take effect from the time of Mr. G's arrival," and that the next day the plaintiff wrote to the defendant the following letter: "My resignation is hereby tendered and I would ask that same be accepted. Same to take effect this day." The presiding judge refused to rule that the plaintiff resigned voluntarily, and left to the jury the question, "Was the plaintiff discharged?" The jury answered "Yes." Thereupon the judge ordered judgment for the plaintiff. *Held*, that the plaintiff was discharged by the defendant's letter before the idle ceremony of the plaintiff's formal resignation, and that the jury were warranted in finding that the plaintiff did not voluntarily "leave the service" of the defendant but was dismissed peremptorily.

In the same case the defendant excepted to the admission of all the evidence except the defendant's letter, and it was *held* that all the evidence admitted, including the correspondence of the parties, was competent as tending to show what took place between them, and that the conduct of the parties was material upon the issue whether the plaintiff voluntarily left the defendant's service or was discharged.

CONTRACT upon a policy of endowment insurance described in the opinion. Writ dated November 19, 1914.

In the Superior Court the case was tried before *Lawton*, J. The single issue tried and the evidence upon that issue are described in the opinion. All of the evidence, with the exception of the letter of September 8, 1896, was admitted against the objection and subject to the exception of the defendant. At the close of this evidence the defendant asked the judge to order a verdict for it. The judge refused to do this. The judge then submitted to the jury the question which is quoted in the opinion, and the jury answered it in the affirmative. Thereupon the parties waived further trial by jury and the case proceeded before the judge alone. The defendant asked the judge to make the following rulings:

"1. If the plaintiff for any reason ceased to be in the employ of the defendant, the policy described in the plaintiff's declaration thereupon became void.

"2. If the plaintiff delivered to the defendant a written resignation, the latter in the absence of fraud or duress constituted a voluntary leaving of the defendant's employ by the plaintiff, and the policy described in the plaintiff's declaration thereupon became void."

The judge refused to make either of these rulings.

The judge thereupon ordered judgment for the plaintiff in the sum of $1,000, that being the amount alleged to be due under the terms of the policy in twenty years from the date thereof with interest thereon from the date of the writ. With the consent of the parties, the judge reported the case for determination by this court. If upon the law and the admissible evidence the plaintiff was entitled to recover, judgment was to be entered for him in the sum of $1,000 and interest thereon from the date of the writ; otherwise, judgment was to be entered for the defendant.

*J. F. Bacon,* for the defendant.

*P. W. Carver,* for the plaintiff.

CROSBY, J. This is an action upon a policy of insurance dated May 14, 1894, for $1,000, issued to the plaintiff by the defendant. The policy is upon the endowment plan and is payable at the expiration of twenty years from its date. It contains the following provision: "This policy shall become void whenever the insured named therein shall leave the service of the said Company except by cause of his death."

The case is presented upon a report made by a judge of the Superior Court, from which it appears that the policy, which was paid for by a single premium, was issued by the defendant to the plaintiff as a prize for his work as superintendent of the defendant's branch office at Brockton in this Commonwealth. It is agreed that, aside from the clause in the policy above quoted, "all things had been done and performed by the plaintiff necessary to entitle him to recover in this action."

On, and for some time before, September 7, 1896, the plaintiff was in the service of the defendant as superintendent of its branch office in Salem. On that day a letter was delivered to him dated September 3, 1896, and signed by one Thomas, superintendent.

of agencies of the defendant, who, it is admitted, had full authority to act in the matter for the defendant. This letter was delivered to the plaintiff by one Gibson and is as follows:

"September 3, 1896.

Mr. C. J. Gardner, Supt.
   223 Essex Street, Salem, Mass.
Dear Sir: —

This letter will be handed to you by Mr. Launcelot Gibson, whom we have thought it best to make Superintendent at Salem in your stead. His superintendency will date from the presentation of the letter and you will please place him in complete possession of the office and the Company's property, introduce him to the members of your staff, and remain with him during the week of his arrival. We will in the event of your meeting our request forward you your salary for that week.

Our action will not be altogether a surprise to you, Mr. Gardner. We have taken it only after careful deliberation, and after we became satisfied that the change would be to the best interests of the Company.

If you will forward your resignation we will accept it to take effect from the time of Mr. Gibson's arrival.

Yours truly,
E. J. Thomas
Supt. of Agencies."

On September 8, 1896, the plaintiff wrote the defendant's superintendent (Thomas) the following letter: "'My resignation is hereby tendered and I would ask that same be accepted. Same to take effect this day."

The question is whether the policy became void after the time when the plaintiff was no longer in the service of the defendant. It is the contention of the defendant that when the plaintiff's employment ended for whatever reason, even by his discharge by the defendant, the policy was terminated. The defendant also contends that the plaintiff voluntarily resigned his position.

Subject to the defendant's exception, the presiding judge submitted to the jury the question, "Was the plaintiff discharged?" The answer was in the affirmative, and thereafter the parties waived further trial by jury. The judge found and ordered judg-

ment for the plaintiff for the amount named in the policy with interest.

We are of opinion that the words "shall leave the service of the said Company" in the clause in question, cannot be held to mean that the policy shall become void if for any reason the plaintiff ceases to be in the employ of the company; but that these words properly construed, signify that the policy shall become void if the plaintiff shall by his own act abandon his employment in the service of the defendant. The word "leave" as used by the parties, means to leave voluntarily, and does not apply if the plaintiff is arbitrarily and without justifiable cause discharged by the defendant. This interpretation would seem to be in accord with the natural and ordinary meaning of the word construed in connection with the clause where it appears. It was said by this court in *Price* v. *Minot*, 107 Mass. 49 (a case which presented a question very similar to that in the case at bar), that "The expression 'if he should leave the Tudor Company before January, 1871,' can only mean, if he should resign, or voluntarily quit or give up his employment. It is not the proper form of expression for the case of his expulsion or dismissal by the act of the company, without his consent, and against his remonstrance. . . . The plaintiff is in a position to say that he has wrongfully been prevented from finishing the proposed service, and that his rights are substantially the same as if he had served for the whole term."

We are also of opinion that it could not be ruled that the plaintiff voluntarily resigned, even if his resignation was sent to the defendant in the absence of fraud or duress practised upon him. It is plain that when the letter dated September 3, 1896, was delivered to the plaintiff, he had already been discharged and that Gibson had been employed in his place. In this letter it is expressly stated that "His [Gibson's] superintendency will date from the presentation of the letter and you will please place him in complete possession of the office and the Company's property. . . ." The formal resignation, embodied in the plaintiff's letter of September 8 to the defendant, was but an idle ceremony, because it could not operate as an effectual resignation of an employment from which he previously had been discharged. That the defendant's letter amounted to a dismissal of the plain-

tiff and was so understood by the defendant's superintendent, clearly appears from the interview which the plaintiff testified he had with Thomas, the superintendent, in New York on September 14, 1896, when the plaintiff asked Thomas to give him the reason for his discharge, and Thomas replied "that when the defendant discharged a superintendent no reason whatever was given;" and also said "it was a rule of the company never to reinstate a discharged superintendent. . . ." The defendant did not deny these statements of Thomas and they could have been found to be true. Whether the plaintiff was discharged or voluntarily left the service of the defendant, was a question of fact properly for the determination of the jury under all the circumstances as presented by the evidence.

We are of opinion that the jury were warranted in finding that the plaintiff did not voluntarily "leave the service" of the company but was peremptorily dismissed. *Price* v. *Minot, ubi supra. Cooper* v. *Stronge & Warner Co.* 111 Minn. 177. *Jones* v. *Graham & Morton Transportation Co.* 51 Mich. 539. *Cumberland & Pennsylvania Railroad* v. *Slack,* 45 Md. 161. So far as the majority opinion in *Wharton* v. *Christie,* 24 Vroom, 607, is in conflict with the views herein expressed, we cannot follow it. In view of the finding of the jury, the judge could have found that the plaintiff was entitled to recover the amount named in the policy.

For the reasons stated, it is obvious that the defendant's requests for rulings could not have been given.

The exception to the admission of all the evidence except the letter of September 8, 1896, cannot be sustained. The evidence admitted, including the correspondence of the parties, was all competent as tending to show what took place between them, and was material upon the issue whether the plaintiff voluntarily left the defendant's service or was discharged.

In accordance with the terms of the report, judgment is to be entered for the plaintiff in the sum of $1,000 with interest thereon from the date of the writ.

*So ordered.*