FRED S. ELWELL vs. STATE MUTUAL LIFE ASSURANCE COMPANY.

SAME vs. WILLIAM G. WILLIAMS.

Suffolk. March 7, 8, 1918. — May 24, 1918.

Present: BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

Contract, What constitutes, Construction, Consideration, Performance and breach, Termination, Of agency. Frauds, Statute of. Agency, Agent's compensation. Insurance, Agency.

An insurance solicitor made a contract in writing with a firm composed of two partners, who were the general agents of a life insurance company, by which he agreed to act as a solicitor for that company only and which provided as his compensation during the general agency of the firm a certain percentage of premiums on new business procured by him and a different percentage on all renewal premiums, and also provided that the contract should be terminated as between the parties only in certain specified instances. One of the firm retired as a partner. The remaining partner then alone made a new contract of general agency with the company, but, instead of making a new contract in writing with the solicitor, agreed with him orally that the provisions of the contract formerly made with him by the firm should continue in force. Held, that the new oral contract was supported by a good consideration and was not terminable at the will of the general agent, but could be terminated only in accordance with the provisions of the former contract in writing which it adopted.

A provision of the contract thus adopted by the oral contract, which provided for its termination if the solicitor left the agency of the company to engage in other business. or became connected with another life insurance company or severed his connections with the agency, was held to mean that such termination should occur upon a voluntary retirement by the solicitor, and not to mean that it would occur upon his discharge for a cause not included in the contract's provisions or upon his enforced resignation.

Where such a contract, made by the company's general agent, was a complete contract for services to be rendered by the solicitor, the compensation for which was to be paid by the company, the company was held to have no power to terminate it in the absence of a provision in the contract for such termination by the company.

The mere fact, that the solicitor above described advocated and sought legislation providing for a different form of endowment policy than that issued by the company, does not show disloyalty on his part warranting his discharge, where it appears that he honestly believed that the form of policy which he advocated, if adopted, would enure to the advantage not only of the insured but also of the company, and that his activities in this regard were known to the company.

Where, at the trial of an action upon the contract above described by the solicitor against the company, it appeared that the company and the general agent both

regarded the contract as binding upon the company, that its officers knew of the contract, that it paid the solicitor his commissions thereunder and that the company was the actor in discharging the solicitor and fixing the terms of his dismissal, findings of the judge were *held* to have been warranted that the company was liable upon the contract for the continued payment to the solicitor of renewal premiums according to the contract's provisions.

In an action upon the same contract against the general agent it was *held* that the general agent likewise was liable personally to the solicitor, although the solicitor could have but one satisfaction in damages.

An oral contract between a solicitor of insurance and a life insurance company or its general agent, which is to continue in force during the continuation of the general agency or until it is terminated by reason of one of several specified acts on the part of the solicitor, and which provides for the payment to the solicitor as compensation of a certain percentage of first year's premiums and another percentage of all renewal premiums upon policies procured by him from the company, is not within the provisions of the statute of frauds, R. L. c. 74, § 1, cl. 5, enacting that "No action shall be brought . . . Upon an agreement that is not to be performed within one year from the making thereof" unless the agreement or some memorandum thereof is in writing, as the contract, although it may continue in force for years, is capable of being performed fully within a year.

Two ACTIONS OF CONTRACT by a life insurance solicitor, the second action being against a general agent of the defendant in the first action, upon an alleged contract with the plaintiff as a subordinate agent. Writs dated December 28, 1914, and July 7, 1916, respectively.

The actions were referred to an auditor and afterwards were heard together by *Fox*, J., upon the auditor's report and under the agreement described in the opinion. The material findings of the auditor also are described in the opinion.

The judge found for the plaintiff in the first action in the sum of $647.48 and interest from the date of the writ, and in the second action in the sum of $2,884.16 and interest from the date of the writ, and reported the actions to this court for determination.

*H. Parker*, for the defendants.

*E. F. McClennen*, for the plaintiff.

BRALEY, J. By stipulation of the parties the auditor's findings of fact have been accepted as final "except as it appears from the record itself that such findings are not supported by competent evidence." But as the auditor's rulings upon evidence do not appear to have been erroneous, we come to the merits of the controversy.

The plaintiff having moved for judgment on the report, in which all questions at issue have been decided in his favor, the defendants

severally asked the presiding judge to rule as "matter of law that the plaintiff's motion for judgment in accordance with the auditor's report must be denied," and that "upon the evidence reported by the auditor and upon the findings of fact made by the auditor in his report, the defendant is entitled to judgment." The requests were denied, and the judge, having found and ordered judgment for the plaintiff, reported the cases for the determination of this court, which is to order "judgment to be entered for the plaintiff in accordance with the foregoing order if the same be found to be warranted in law; otherwise such judgment or order to be entered . . . as law and justice may require."

The plaintiff as a subordinate agent solicited life insurance for the defendant company under two contracts in writing, the first of which need not be reviewed, but the terms of the second become important in view of the auditor's findings. It was made between the plaintiff and Williams and Jones, the defendant company's general agents, and among other provisions established the plaintiff's compensation for services on a percentage basis "for first year of insurance," and also on all renewals. But, Jones having resigned on July 1, 1901, the defendant Williams succeeded as the company's general agent, and continued as such to the date of the respective actions. The auditor reports that, after the retirement of Jones, while no written contract was entered into between the plaintiff and Williams, the plaintiff continued as before "to solicit insurance for the company down to July, 1909, when he was discharged by a letter of dismissal" signed by Williams as the company's general agent, and, after some correspondence and at least one interview between the plaintiff and the company, the company confirmed this action. It is stated in the letter of discharge "While you had no legal claim for commissions under this contract after the termination of the general agency of Williams and Jones, I have continued to allow you commissions since that time and shall allow you, in full settlement of all your claims under this contract, renewals for five full years from August 15, 1909, the date of termination, as provided for therein." And the auditor has found that the commission on all renewal premiums were duly paid until August 15, 1914, on all policies procured by the plaintiff. But, as no commissions have since been paid, these actions are brought to recover commissions alleged to have accrued thereafter.

It is not contended by the plaintiff that the commissions were to be paid during the life of the respective policies but he relies upon an oral contract with the defendants. The auditor's findings, which are amply supported by the evidence recited, show that after Williams became the sole agent instead of "making out a new contract" in writing, "the provisions of the Williams and Jones agreement were to continue in force after the agency of Williams and Jones had ceased and were thus to define the relations between the plaintiff and the defendant, Williams, after that time." While it was said in the letter of dismissal that the plaintiff "had no legal claim for commissions under this contract after the termination of the general agency of Williams and Jones," the auditor says, "this statement is probably true if applied to the Williams and Jones contract alone without taking into consideration any new contract made by Williams with the plaintiff after the Williams and Jones agency ceased. . . . But it is plain that some such new contract was made thereafter and that under it Williams, as he said in his letter, "'continued to allow . . . commissions since that time' to the plaintiff." The question is one of fact, and the oral contract found by the auditor is to be deemed and treated as the same in terms and effect as if the Williams and Jones contract had been redrafted with the omission of the name of Jones. It is supported by a sufficient consideration, namely, services to be rendered by the plaintiff, and it was not terminable at the will of the defendant Williams or by the company which also can be held for reasons to be subsequently stated. *Rowe* v. *Peabody,* 207 Mass. 226, 234, and cases cited.

It could be ended only in accordance with its provisions. By article ten, if the plaintiff should "commit any misdemeanor" he forfeited any further commissions. The auditor reports that he has not been guilty of any misconduct at common law or under any statute which would constitute a misdemeanor. By article eleven the contract might be terminated if the plaintiff left the agency of the company to engage in other business, or became connected with another life insurance company, or severed his connection with the agency. This he has not done. If he had taken such action the plaintiff still was to have his renewal commissions for a period of five years after the termination of the agency. It is also settled, as the auditor rightly ruled, that the

words, "In case the said agent leaves the agency," and "should said Elwell sever his connection with this company," mean the plaintiff's voluntary retirement and not his discharge, or an enforced resignation. *Gardner* v. *Metropolitan Life Ins. Co.* 225 Mass. 439. *Grapel* v. *Hodges,* 112 N. Y. 419.

Where the contract as in the present case is a complete contract for services to be rendered by the plaintiff, the compensation for which is to be paid by the principal, the principal alone cannot revoke unless a power of revocation is expressly reserved. *Dickinson* v. *Central National Bank,* 129 Mass. 279. See 31 Cyc. 1297, 1298, note 22, for a collection of cases. The consideration for the agency had not failed as in *Flynn* v. *Butler,* 189 Mass. 377. It also appears that the plaintiff advocated a different form of endowment policy than the policy issued by the company and sought legislation to that end. The defendants' contention that this conduct was sufficient to justify his discharge because it showed disloyalty to his principal, is disposed of by the auditor's finding, that the plaintiff was honest in his belief, that if the form he suggested were adopted it would enure to the advantage of not only the insured but of the company, and that in all which he did he acted in good faith, with the knowledge of the defendants.

It is sufficiently plain without further recitals from the report that the plaintiff never assumed, or was understood by the defendants to have assumed, such inconsistent relations with other parties as to prevent or influence his impartial and honest discharge of the duty he owed the defendants. *Quinn* v. *Burton,* 195 Mass. 277. It follows that under article five of the contract commissions on renewals would be ended only when the defendant Williams ceased to act as the company's general agent, and as the agency never has been terminated, the plaintiff can recover from him the commission of five per cent on all renewal premiums received since August 15, 1914, to the date of the writ, unless R. L. c. 74, § 1, cl. 5, to which reference will hereafter be made, is a bar.

But even if Williams entered into contractual relations with the plaintiff as previously described, the defendant company contends that the evidence fails to show any agreement by which it became bound. It was a question of fact, whether it was the intention and understanding of the parties that while the agent should be liable personally, the company also should be held. *Silver* v. *Jordan,*

136 Mass. 319.   The auditor's report warranted the judge in find-
ing that both defendants regarded the contract as binding the
company.   Its officers knew of the contract.   It paid the plaintiff
his commissions thereunder, and it was the company itself which
finally decided that he should be discharged, and fixed the terms
of dismissal, as shown by the correspondence.   The plaintiff, al-
though entitled to but one satisfaction in damages, can accord-
ingly sue the company's general agent who is personally responsible
by the express terms of the contract, and the company also, which
on the record had given authority to Williams to act in its behalf.
*Byington* v. *Simpson,* 134 Mass. 169.   *Brown* v. *Bradlee,* 156 Mass.
28, 32.   *Crawford* v. *Moran,* 168 Mass. 446, 449.   *Brown* v. *Frank-
lin Mutual Fire Ins. Co.* 165 Mass. 565.

It lastly is urged by each defendant that having been oral the
contract is within R. L. c. 74, § 1, cl. 5, declaring that no action
shall be brought upon "an agreement that is not to be performed
within one year from the making thereof" unless "the promise,
contract or agreement . . . or some memorandum . . . thereof
is in writing."   The defendant Williams however might have
died, or his general agency terminated within the year, or the in-
sured might never pay a renewal premium, and the contract even
if it might continue for years could be fully completed within one
year.   *Peters* v. *Westborough,* 19 Pick. 364.   *Somerby* v *Buntin,*
118 Mass. 279, 286.   *Scribner* v. *Flagg Manuf. Co.* 175 Mass. 536.
*Carnig* v. *Carr,* 167 Mass. 544.   The provision of § 1, cl. 2, that
no action shall be brought to charge a person upon a special
promise to answer for the debt, default or misdoings of another
unless the promise, contract or agreement or some memorandum
thereof is in writing signed by the party to be charged, also relied
on by the defendants, is wholly inapplicable on the record.

The result is that, finding no error in the computation of the
amounts or in any of the rulings of the auditor or of the court,
judgment for the plaintiff is to be entered in each case.

*So ordered.*