SAMUEL ROWLAND *vs.* PAUL L. HACKEL.

Suffolk.   November 21, 1922. — November 28, 1922.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* Consideration.   *Statute of Frauds.*

An agreement by one, to whom a debt is owed jointly and severally by two debtors, to look to each of them for one half of the debt, to be paid in instalments, followed by payments by one of them, is not supported by a consideration and does not bar the creditor from recovering the entire balance due with interest in an action against one only of the debtors.

The statute of frauds, G. L. c. 259, § 1, cl. 5, is not a bar to an action to recover a balance due under an oral agreement by two persons jointly and severally to repay a loan of $2,000 with interest, and, in addition thereto, one cent on every barrel of flour (with a minimum number of one hundred thousand barrels) sold by a certain corporation in which they were interested during twelve months beginning after the date of the loan, since the contract might have been fully liquidated and performed within a year.

CONTRACT for $2,676.52, alleged to be a balance due upon a loan agreement, made, in the circumstances described in the opinion, between the plaintiff, a flour merchant, and the defendant and one Dwight L. Marshall who respectively were the treasurer and the president of the Marshall-Hackel Company, a Massachusetts corporation. Writ dated November 6, 1918.

In the Superior Court, the action was tried before *Lawton*, J. Material evidence and rulings by the judge, to which the defendant saved exceptions, are described in the opinion. The jury found for the plaintiff in the sum of $3,056.46; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. J. O'Connor*, for the defendant.

*S. M. Child*, for the plaintiff.

RUGG, C.J. This is an action to recover the balance due on $2,000, alleged to have been loaned by an oral contract to the defendant and one Marshall as copartners or as individuals, with interest and in addition one cent on every barrel of flour sold by the Marshall-Hackel Company a corporation, during twelve months, beginning with May 1, 1911, in their offices in Boston and Minneapolis, with a minimum of one hundred thousand barrels. The date of the contract is not shown but it could not in any event have been earlier than April 28, 1911. It is assumed to have been made on that date. There was evidence tending to support the plaintiff's allegations. There was also evidence tending to show that no payment having been made for two years the plaintiff, a flour merchant doing business in New York, came to Boston in the summer of 1913 and was told by the defendant that the corporation was "defunct" and he was going into business for himself; that thereupon the plaintiff said he would remit the bonus of $1,000 due on the agreed minimum on sale of one hundred thousand barrels of flour and look to the defendant and to Marshall each for one half the balance payable in instalments; that the defendant had made payments accordingly and that subsequently the plaintiff demanded the entire balance due. The plaintiff denied that he made the promise to look to each borrower for one half the amount due, but the question must be decided on the assumption that the jury might have believed the defendant.

The instruction was right that if the plaintiff made an agreement to look to each of the original debtors for one half of the debt according to the testimony of the defendant, it was without consideration and no bar to the present action. Partial payment in cash of an overdue debt by the debtor is not sufficient to support a promise to release the promisee from further liability on the balance. The creditor may at his option collect the remainder for he then will receive no more than his own. *Barnett v. Rosen,* 235 Mass. 244, 248, and cases there collected.

The oral contract here in issue did not come within the provision of the statute of frauds which forbids an action "upon an agreement that is not to be performed within one year from the making thereof." G. L. c. 259, § 1, cl. 5. This clause of the statute applies only to contracts which by their terms cannot be performed within the year. It does not apply to contracts which may be performed within, although they may also extend beyond, that period. *Kent v. Kent,* 18 Pick. 569. *Peters v. Westborough,* 19 Pick. 364. *Blake v. Cole,* 22 Pick. 97. *Roberts v. Rockbottom Co.* 7 Met. 46. *Tatterson v. Suffolk Manuf. Co.* 106 Mass. 56. *Wellington v. Apthorp,* 145 Mass. 69. *Carnig v. Carr,* 167 Mass. 544. *Scribner v. Flagg Manuf. Co.* 175 Mass. 536. *Elwell v. State Mutual Life Assurance Co.* 230 Mass. 248, 253. *Walker v. Johnson,* 96 U. S. 424.

That principle and the authority of these decisions are decisive of the case at bar. The present contract might have been fully liquidated and performed before the end of the year by the corporation going out of business, or becoming "defunct," or by ceasing to do business in Boston and Minneapolis and the payment of the indebtedness then due.

                                        *Exceptions overruled.*