THOMAS B. FEENEY *vs.* METROPOLITAN LIFE INSURANCE
COMPANY.

Essex.    December 6, 1927.— January 6, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Contract,* Construction, Of employment.    *Agency,* Agent's commission.
*Words,* "Retirement."

One entering the employ of an insurance company as a superintendent
made with it two agreements in writing.    In the first agreement, relat-
ing to his employment in departments called "industrial" and "ordi-
nary," were the following clauses: "11th.    That my appointment as
Superintendent, and this agreement, as well as the duties and emolu-
ments thereunder, may be revoked, terminated, changed or modified
from time to time by the Company in its discretion or at its pleasure,
with or without cause, without notice and without any liability therefor
on the part of the Company to me.    12th.    If at any time I resign or am
dismissed from the Superintendency, the compensation to which I am
entitled under this agreement at that date shall be in full payment and
satisfaction of all services rendered to the Company under this agree-
ment and of all claims upon the Company."    The second agreement
was in the form of a letter addressed to him as "superintendent," gave
a scale of commissions, fees, and renewal commissions, in the "ordinary"
department, stated that it was "subject to the terms of" the previous
agreement, and, at the end, stated: "It is understood and agreed that
upon your retirement as Superintendent all your interest in renewal
commissions and collection fees shall cease and determine."    *Held,* that
    (1) The two agreements must be read together as forming one con-
tract;
    (2) The employee was not entitled to commissions on renewal pre-
miums accruing after his discharge, although the discharge was unjus-
tifiable.

CONTRACT for commissions alleged to be due under an
agreement for the employment of the plaintiff by the defend-
ant as superintendent of its Lynn office.    Writ dated June 8,
1923.

In the Superior Court, the action was tried before *Mac-
leod,* J.    Material evidence and special findings by the jury
are stated in the opinion.    The judge ordered a verdict for
the defendant and reported the action to this court, the
parties agreeing that, if the ordering of the verdict was right,
judgment should be entered for the defendant; and if it was

wrong, judgment was to be entered for the plaintiff in the sum of $1,950.48 and interest.

The case was submitted on briefs.

*J. W. Sullivan, J. P. Mahoney, & J. F. Doyle,* for the plaintiff.

*W. P. Kelley & J. F. Bacon,* for the defendant.

SANDERSON, J. This is an action of contract, brought by a former superintendent and manager of the defendant, to recover commissions which accrued on his personal writings during the renewal period thereof after he ceased to be in the employment of the company. The contract of employment was written, and consisted of two parts. In the part apparently executed first, and dated October 4, 1920, hereinafter referred to as the first agreement, the plaintiff agreed, in consideration of being appointed a superintendent of the defendant, to perform the services described in several clauses; in the eighth clause, he was to accept as compensation for his services in the industrial department a regular weekly salary and, in addition, a contingent salary, thereafter to be determined, payable at the end of each year provided he was then in the employ of the company; in the ninth clause his compensation in the ordinary department was to be the commissions allowed by the company as set forth by its rules from time to time. The eleventh and twelfth clauses of the first agreement were in the following terms: "11th. That my appointment as Superintendent, and this agreement, as well as the duties and emoluments thereunder, may be revoked, terminated, changed or modified from time to time by the Company in its discretion or at its pleasure, with or without cause, without notice and without any liability therefor on the part of the Company to me. 12th. If at any time I resign or am dismissed from the Superintendency, the compensation to which I am entitled under this agreement at that date shall be in full payment and satisfaction of all services rendered to the Company under this agreement and of all claims upon the Company."

The second part of the contract, hereinafter called the second agreement, sets forth the rates of commission to which the plaintiff would be entitled in the ordinary department

referred to in the first agreement. It is addressed to "Mr. Thomas B. Feeney, Superintendent" and gives the scale of commissions and collection fees to be paid the plaintiff in the ordinary department until otherwise announced, while he is in charge of the Lynn district, "subject to the terms of your agreement dated October 4th, 1920." It contains a provision for a commission on collections made during the renewal periods on certain ordinary and intermediate policies. At the end of this agreement appeared the following: "It is understood and agreed that upon your retirement as Superintendent all your interest in renewal commissions and collection fees shall cease and determine." This agreement was signed by an officer of the company and by "T. B. Feeney Superintendent."

The jury found that the plaintiff was discharged and that his discharge was not justifiable. It is assumed that this finding properly could have been made, notwithstanding the fact that the plaintiff sent a letter resigning as superintendent after he had been requested to resign and later been notified that he was dismissed. *Gardner* v. *Metropolitan Life Ins. Co.* 225 Mass. 439. The parties agreed that the amount of the commissions which would have fallen due during the renewal period on insurance written by the plaintiff, if he had remained in the defendant's employ, amounted to $1,950.48 on ordinary and intermediate policies. The judge directed a verdict for the defendant and reported the case with the stipulation that if his ruling was wrong, judgment should be entered for the plaintiff for that amount with interest.

The plaintiff contends that he had two distinct kinds of employment, one in the industrial, and the other in the ordinary department; that the right to commissions in the ordinary department depended entirely on the terms of the second agreement and the only limitation on that right is in the clause at the end of that agreement; that this provision would be surplusage if clauses eleven and twelve of the first agreement should be held to define the right to commissions in the ordinary department when the employment ends; and that such a conclusion would enable the defendant to gain

an advantage from its own wrongful act.  He contends that "retirement" means a voluntary act on the part of the plaintiff, or a justifiable discharge; that it does not include the case of an unjust discharge; and that because of his unjust discharge he is entitled to commissions on renewal premiums in the ordinary department.

It is unnecessary to decide what meaning would be given to the word "retirement" in the second agreement if that agreement stood alone, for we are of opinion that the two documents signed are in legal effect parts of one contract; that they must be construed together, and that clauses eleven and twelve in the first agreement are controlling in determining the rights of the parties when the plaintiff's employment ended.

The provision for compensation in the ordinary department appears in the first agreement but reference to the other is necessary to determine the rates of commission in that department under the rules of the defendant.  The commissions, whether in the industrial or ordinary department, were to be earned by the plaintiff as superintendent. The second agreement was addressed to him as superintendent, and signed by him as such, and expressly is made subject to the terms of the first.  The word "retirement" means "The act of retiring, or state of being retired."  When all the terms of both parts of the agreement are considered, it must be held that when the plaintiff was discharged his retirement as superintendent had taken place in accordance with the right of the defendant to end the relationship by the express terms of the contract.  The provision that commissions should cease upon the plaintiff's retirement as superintendent must be construed to mean his retirement in accordance with the terms of the first agreement, and by those terms the defendant had reserved the right to dismiss the plaintiff at any time, with or without cause, and the parties had agreed that upon such dismissal or upon a resignation, all commissions to which he was entitled under that agreement should cease.  The commissions to which reference is here made must be held to be all commissions in both departments.  As the plaintiff's right to commissions in

the ordinary department ceased when he was discharged, the ruling of the trial judge directing a verdict for the defendant was right. In accordance with the terms of the report, judgment is to be entered for the defendant.

*So ordered.*