*Municipal Court of the
City of Boston*

No. 113184

## CHRISTOS PATSADES

v.

## JAMES A. ATSALES AND
## RIVERSIDE CAFETERIA CORPORATION

*Present:* Adlow, C. J., Gillen, Canavan, J. J.

Case tried to *Foster*, *J.*, in the Municipal Court of the City of Boston.

*Adlow, C. J.* Action of contract to recover a broker's commission for the sale of the assets and good will of a restaurant corporation. In one count the plaintiff seeks to recover from James A. Atsales the sole owner of all the stock in the Riverside Cafeteria

Corporation, which operated a restaurant at 42 Charles Street in Boston. In the second count he seeks to recover from the corporation for procuring the customer.

*There was evidence that* on February 22, 1964 the defendant Atsales made and executed a written agreement with the plaintiff Patsades in which Atsales agreed to pay Patsades "who has brought Nicholas Lemonias, as a buyer to James A. Atsales to buy the outstanding stock of Riverside Cafeteria Corporation" a commission of $2500 as a broker's commission upon the consummation of the transaction on the seller's terms. On March 6, 1964 an agreement of sale was executed between the Riverside Cafeteria Corporation and Lemonias which provided in part that the corporation would transfer its assets including good will to Lemonias or to a corporation designated by him for the price of $30,000 payable as set forth in said agreement. In this agreement it was stipulated that Patsades (the plaintiff) was the broker in the transaction. On April 11, 1964 the parties and their attorneys met and closed the transaction, transferring all the assets and good will to Riverside Cafeteria, Inc., a corporation of which Lemonias was the sole stockholder. Though demand was made for the commission at the time of the transfer, it was not paid, and this action was brought.

At the close of the evidence the defendants asked the court to rule that the plaintiff had

not produced a customer which had performed in accordance with the terms of the agreement of sale, and with respect to Atsales, that he was not personally liable for the commission that might be due for procuring a customer. The court refused to so rule and found for the plaintiff on both counts. The defendants being aggrieved bring this report.

There was no error. By reason of the commendable caution used by the plaintiff in his dealings with both the corporation and with the sole stockholder of the corporation (Atsales), the rights of the plaintiff can be ascertained by referring to the written agreements executed by Atsales and the broker and by the corporation and the customer. In the context of these agreements the sale was consummated in its entirety and the agreed consideration for the transfer of the assets to a corporation designated by the buyer was paid.

The defense urged that the stock of the selling corporation was not transferred to the buyer cannot be seriously entertained. The agreement of the Riverside Restaurant Corporation was to transfer "its assets including good will". Whether material or not, no mention was made of the stock of the corporation. As for the agreement of Atsales with Patsades, in the context of the entire agreement, the promise of Atsales looks to an eventual agreement and sale between the Riverside Restaurant Corporation and the customer. This agree-

ment was fully consummated, and Atsales, who was in complete control of the situation received the full consideration which the buyer agreed to pay. He can little complain if the purchaser was indifferent to whether or not he received the certificates of stock. The fact that in the original agreement of sale the purchaser reserved the right to take title to himself or to a corporation designated by him reveals that the transfer of the stock of the selling corporation was not contemplated by any of the parties. [*Johnstone* v. *Cochrane*, 231 Mass. 472, 477; *Kaufman* v. *Sydeman*, 251 Mass. 210, 216, 217].

As for the liability of Atsales, it is not predicated on his position as sole stockholder but on his written agreement with the broker. Whether Atsales in making the agreement was acting as agent for the corporation or whether in making the sale the corporation was acting as agent for Atsales is none too clear. Whatever the respective relationships may be, it is clear that the broker can collect but one commission, and though judgments may be recovered against both defendants, there can be but one satisfaction. *Byington* v. *Simpson*, 134 Mass. 169, 171; *Elwell* v. *State Mutual Life Assurance Co.*, 230 Mass. 248, 252-253; *N. E. Structural Co.* v. *James Russell Boiler Works*, 231 Mass. 274, 277.

*Report dismissed.*

JOSEPH P. GRAHAM
   of Boston for the plaintiff
CHARLES P. MAMAKOS
   of Boston for the defendant